UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 19-2020-MWF (FFMx)			Date:  March 20, 2019
Title:    Bank of New York Mellon v. Neeta Paresh Vora, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER REMANDING ACTION TO STATE COURT

On May 1, 2018, Plaintiff Bank of New York Mellon filed a Verified Complaint for Unlawful Detainer in the Los Angeles County Superior Court. (Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1)). On March 18, 2019, Defendants Neeta Paresh Vora, Paresh Vora, and Disha Vora removed the action to this Court. (NoR ¶ 1).

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

The Court cannot properly assert jurisdiction over this matter because the matter does not arise under federal law. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2020-MWF (FFMx)                    Date:  March 20, 2019
Title:    Bank of New York Mellon v. Neeta Paresh Vora, et al.

Here, Defendants contend that this action "raises a federal question of the rights of [Defendants] and their occupants under the Protecting Tenants at Foreclose Act ("PTFA") . . . ."  (NoR ¶ 4).  However, Plaintiff's Complaint contains a single state law claim for unlawful detainer.  To the extent that Defendants are attempting to remove the action based upon some anticipated defense to the unlawful detainer action that arises under federal law, Defendants' anticipated defenses to that state law claim cannot confer jurisdiction on this Court.

The Court also cannot properly assert diversity jurisdiction over this matter.  In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  For purposes of establishing diversity jurisdiction, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith, and only if "it is 'apparent to a legal certainty' on the face of [a complaint] that [plaintiff] cannot recover that amount" will diversity jurisdiction be destroyed.  *Amendt v. Lexington Ins. Co.*, 246 Fed App'x 437, 438 (9th Cir. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Here, Defendants contend that "removal is made pursuant to . . . 28 U.S.C. Sections 1332."  (NoR ¶ 4).  But Plaintiff's Complaint specifically notes that the action is a "Limited Civil Case" and "[t]he amount of damages claimed in this action does not exceed $10,000.00."  (Compl. ¶ 4).  To the extent that Defendants are attempting to remove the action based upon diversity jurisdiction, Defendants have made no attempt to prove to a legal certainty that the amount in controversy exceeds $75,000.00.

Accordingly, the Court **REMANDS** the action to the Los Angeles County Superior Court.

IT IS SO ORDERED.